```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
         NASHVILLE DIVISION

SOUTHERN ELECTRICAL HEALTH    )
FUND, et al.,                 )
                              )
v.                            )
                              )  No. 3:00-0448
DONNA KELLEY AND JOE KELLEY   )  Consolidated with 3:02-0152;
each d/b/a K.T.E. ELECTRIC,   )  3:02-0129, 3:01-0216
et al.,                       )  JUDGE ECHOLS
                              )
v.                            )
                              )
JOHN W. CATES CONSTRUCTION,   )
CO., INC.                     )
```

## MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Attorneys' Fees (Docket Entry No. 220) in the amount of $27,651.00, to which Defendants have not responded. Pursuant to Local Rule 8(b)(3), failure to file a timely response to a motion shall indicate that there is no opposition to the motion.

## I. PROCEDURAL HISTORY

These four consolidated actions involve Plaintiffs' claims under the Miller Act and the Employee Retirement Income Security Act of 1974 ("ERISA"), as well as Defendants' breach of contract claims against Third-Party Defendants. The matter came before the Court for a bench trial from June 3 to June 6, 2003. The Court entered its Memorandum Opinion and Order constituting findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a) on September 30, 2003. (Docket Entry Nos. 193, 194.) The Court found in favor of Plaintiffs on all claims and awarded them attorneys' fees and costs. The Sixth Circuit recently affirmed

1

this Court's decision.  Southern Elec. Health Fund v. Heritage Mut. Ins. Co., No. 03-6431, 2005 WL 1869696 (6th Cir. Aug. 5, 2005).  The Sixth Circuit's mandate issued on August 29, 2005.

As the prevailing parties, Plaintiffs now seek an award of attorneys' fees under 29 U.S.C. § 1132(g) to compensate them for their work post-judgment and on appeal.  Plaintiffs provide the Affidavits and billing records of their attorneys, R. Jan Jennings and Patrick J. O'Hara, to substantiate the fee request.

## II. ANALYSIS

In any civil action brought by a fiduciary for or on behalf of a plan to enforce 29 U.S.C. § 1145 in which a judgment in favor of the plan is awarded, "the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant[.]" 29 U.S.C. § 1132(g)(2).  Further, under 29 U.S.C. § 1132(g)(1), in any civil action other than a fiduciary action described in § 1132(g)(2), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. While § 1132(g)(1) is permissive and not mandatory, "[a]s a general rule, . . . a reasonable attorney's fee should be awarded to parties who prevail in ERISA actions." Central States Southeast and Southwest Areas Pension Fund v. Hitchings Trucking, Inc., 492 F. Supp. 906, 909 (E.D. Mich. 1980).

Plaintiffs' claims in Nos. 3:00-0448, 3:01-0216, and 3:02-0129 are based on violations of 29 U.S.C. § 1145, which governs delinquent pension plan contributions.  Accordingly, an award of attorney's fees for those claims is mandatory.  Plaintiffs' claims

2

against Mr. Cates, individually, in No. 3:02-0152 involve violations of 29 U.S.C. §§ 1103, 1104, and 1109. The Court finds that Plaintiffs are entitled to reasonable attorneys' fees in No. 3:02-0152 under § 1132(g)(1).

Upon determining that a party is entitled to attorney fees, the Court must next address the reasonableness of the requested fees. In determining whether to make such an award, the Court must first find that the fee applicant has sufficiently documented his time and hourly rate. See Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1176 (6th Cir. 1990); United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n v. G&M Roofing & Sheet Metal Co., 732 F.2d 495, 502 n.2 (6th Cir. 1984). The documentation must be detailed enough for the Court to determine with a high degree of certainty that the time claimed was actually and reasonably spent in pursuit of the relief sought. United Slate, 732 F.2d at 502 n.2. Hours are "reasonably expended where a reasonable attorney would have believed the work to be reasonably performed in pursuit of success at the time the work was performed. Wooldridge, 898 F.2d at 1177.

If the Court concludes that the billing records adequately document the representation provided, the Court then performs a "lodestar" calculation to determine a reasonable attorney's fee. See Coulter v. Tennessee, 805 F.2d 146, 148 (6th Cir. 1986). The "lodestar" amount is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. Id. at 148 n.1. The court may then adjust the fee upward or

3

downward, in light of the results obtained.[1]  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  The fee applicant bears the burden of showing what number of hours and rate or rates of pay are "reasonable" in light of the facts and circumstances of each case. See Americans United for Separation of Church and State v. School Dist. of Grand Rapids, 717 F. Supp. 488, 491 (W.D. Mich. 1989).

Plaintiffs' counsel have provided the proper documentation indicating the specific work performed, the time expended, and the date on which the work was completed.  Plaintiffs' counsel request $24,186.00 for work done by R. Jan Jennings and his firm and $3,465.00 by Patrick O'Hara, totaling $27,651.00.

Mr. Jennings requests compensation for 160.70 hours at $150 per hour for attorney work ($24,105.00) and .90 hour at $90 per hour for paralegal work ($81.00).  The Court finds that the number

---

[1] Factors used to evaluate the "result obtained" may include the time and labor required; the novelty and difficulty of the questions; the skill required to perform the legal services properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee of the attorney or of attorneys of comparable skill and experience in the relevant geographical region; whether the fee is fixed or contingent, time constraints imposed by the client or circumstances; the amount of money involved and the results obtained; the experience, reputation, and ability of the attorneys; the undesirability of the case; the nature and length of the professional relationship with the client; and awards in similar cases. See Hensley, 461 U.S. at 434 n.9.  Many of these factors, however, "are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."  Id.  Accord Murphy v. Int'l Union of Operating Eng'rs, 774 F.2d 114, 128 (6th Cir. 1985).

Although the Court may consider all of these factors, the Sixth Circuit has expressly rejected a "checklist approach to fee determinations."  Id.; Northcross v. Board of Educ., 611 F.2d 624, 642-643 (6th Cir. 1979).

4

of hours requested is reasonable.  Mr. Jennings ordinarily bills at $250 per hour, but Plaintiffs presently pay him at the rate of $150 per hour for attorney time in consideration of a monthly retainer. Thus, the Court finds that Mr. Jennings is entitled to compensation as requested.  The hourly rate for paralegal time is also reasonable and is approved.

Mr. O'Hara seeks 19.80 hours at $175.00 per hour ($3,465.00). He ordinarily bills at $250 per hour, but Plaintiffs presently pay him $175.00 per hour in consideration of a monthly retainer.  The Court finds that the number of hours and rate requested are reasonable and appropriate.  Thus, the Court finds that Mr. O'Hara is entitled to compensation as requested.

Defendants have not objected to the number of hours billed or the rates requested.  Accordingly, the Court is satisfied that the attorney's fee awards requested are reasonable and adequately compensate Plaintiffs under 29 U.S.C. § 1132(g).

### III. CONCLUSION

For the reasons stated, Plaintiffs' Motion for Attorney Fees is hereby GRANTED.  The Court will award Mr. Jennings and his firm the total amount of $24,186.00 (160.70 attorney hours at $150 per hour ($24,105.00) plus .90 paralegal hour at $90 per hour ($81.00)).  The Court will award Mr. O'Hara $3,465.00 (19.80 hours at $175.00 per hour).

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

5